UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ARIEL FLORES, | **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | **JURY TRIAL** |
| -versus- | |
| THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT ("NYPD") DETECTIVE DAVID WARNER, SHIELD 04582; NYPD OFFICER JOSE RIVERA, SHIELD 07107; And NYPD SGT. FIRST NAME UNKNOWN ("FNU") RODRIGUEZ, TAX # 913800, | 08 Civ. 03254 (AKH) |
| Defendants. | |

_____

Plaintiff ARIEL FLORES, by his attorney, DAVID B. RANKIN, as and for his complaint, does hereby state and allege:

STATEMENT OF THE CASE

1.    This is a civil rights action in which the plaintiff, ARIEL FLORES, seeks redress from the defendants, THE CITY OF NEW YORK; DETECTIVE DAVID WARNER, SHIELD 04582; NYPD OFFICER JOSE RIVERA, SHIELD 07107; NYPD SGT. FIRST NAME UNKNOWN ("FNU") RODRIGUEZ, TAX # 913800, for violation of his rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1998 and the laws of the State of New York.

JURISDICTION

2. This Court has original jurisdiction over plaintiff's causes of action brought pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4), since they seek redress for the violation of plaintiff's federal constitutional and civil rights.

3. This Court has supplemental jurisdiction over plaintiff's claims against defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

4. On November 15, 2007, the criminal proceedings against Mr. Flores related to this matter were terminated.

5. On January 17, 2008, Mr. Flores filed a timely Notice of Claim.

6. More than 30 days have elapsed since service of such notice of claim, and the defendants have neglected or refused adjustment or payment.

7. Mr. Flores has complied with all the jurisdictional requirements of the laws of the State of New York.

8. This complaint is timely filed under the applicable statute(s) of limitations.

## PARTIES

9. At all times pertinent to this complaint, plaintiff ARIEL FLORES was a citizen of the United States and of New York State, and resided in this District.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant to this action a municipal corporation authorized under the laws of the State of New York.

11. Defendants New York City Police Department ("NYPD") DETECTIVE DAVID WARNER, SHIELD 04582 Defendants NYPD OFFICER JOSE RIVERA,

SHIELD 07107, NYPD SGT. FIRST NAME UNKNOWN ("FNU") RODRIGUEZ, TAX # 913800, is and were at all times relevant to this action police officers employed by defendant City of New York.

12. At all times pertinent to this complaint, in doing the acts and things hereafter complained of, defendants Warner, Rivera, and Rodriguez were acting within the scope of their employment and using their authority in furtherance of their employer's interests and were acting in their respective capacities as stated, and said defendants were acting under color of state law.

13. Defendants Warner, Rivera, and Rodriguez are sued individually.

14. Defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice and gross disregard for Plaintiff's rights.

STATEMENT OF FACTS

15. Upon information and belief, on July 17, 2005, defendant Sgt. FNU Rodriguez supervised defendants Detective David Warner and Detective Jose Rivera as they committed the acts and omissions complained of herein in that, *inter alia*, he directed plaintiff Ariel Flores's arrest and supervised the other defendants as they processed plaintiff

16. At approximately 5:35 PM, having been standing in front of an apartment building with his girlfriend following a Sunday meal with family, Mr. Flores learned that someone was getting arrested up the block, at Fort George and 193rd Street.

17. As plaintiff, his girlfriend, and others walked toward Fort George and 193rd Street to observe the situation and the arrest, defendant Warner approached Mr. Flores and placed Mr. Flores under arrest.

18. Defendant Warner told Mr. Flores to be quiet and said words to the effect of, "Don't worry it's nothing going on. I was told by my sergeant to put cuffs on you."

19. At approximately the same time, defendant Rivera and/or other unidentified NYPD officers were placing numerous other people who had been walking toward Fort George and 193rd Street under arrest.

20. At approximately the same time, defendant Rivera or another unidentified NYPD officer searched plaintiff's girlfriend without her consent.

21. When Mr. Flores asked why he was being arrested, defendant Warner said, "Shut up. We will tell you when you get to the precinct. Let us do our job."

22. At the time of his arrest, Mr. Flores was engaged in no activity which was in violation of law and defendants lacked probable cause to arrest him.

23. Upon information and belief, following plaintiff's arrest by defendant Warner, defendant Rivera provided false information to defendant Warner accusing Mr. Flores of having engaged in unlawful conduct.

24. Mr. Flores shared a Prisoner Transport Vehicle with approximately six other arrestees, including Andy Heredia, Miguel Munoz, and Alexander Arias.

25. On July 18, 2005, defendant Warner accused plaintiff, in a sworn complaint, of having "acted in concert with" co-defendants Heredia, Munoz, and Arias to violate (1) New York State Penal Law ("PL") § 220.44(2), Criminal Sale of a Controlled

4

Substance in or Near School Grounds, and (2) PL § 220.39(1), Criminal Sale of a Controlled Substance in the Third Degree, based on the following allegations:

> Deponent is informed by Detective Jose Rivera, shield #07107 of the Narcotic Boro Manhattan North, that informant observed the defendants, while acting in concert, sell heroin to separately-charged David Rodriguez as follows: (i) Mr. Rodriguez met with Defendants Heredia and Flores; (ii) Defendant Heredia motioned to the entrance of 570 West 193dr Street, a building located off the corner of the above location; (iii) Defendant Flores walked Mr. Rodriguez to the entrance of the building, where Mr. Rodriguez met Defendant Munoz; (iv) Mr. Rodriguez displayed a sum of money; (v) Defendant Munoz motioned toward the lobby of the above building, and (vi) Defendant Arias stepped out of the lobby and then handed an object or objects to Mr. Rodriguez, in exchange for money.
>
> Informant states that he also observed the four defendants acting in concert in substantially the same way as described above to make suspected sales of narcotics to two other individuals who were not apprehended.
>
> Deponent states that he recovered one glassine containing heroin from David Rodriguez and that the above events occurred within one-thousand feet of George Washington High School.
>
> Deponent further states that the above-described substance is in fact what is alleged to be based upon information and belief, the source of which is as follows: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests, observation of the packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

26.     Upon information and belief, Mr. Flores pleaded not guilty at his arraignment on the felony complaint on July 19, 2005.

27.     Upon information and belief, an indictment was subsequently filed, and the case was adjourned to August 26, 2005 for Supreme Court arraignment, at which Mr. Flores pleaded not guilty.

28.     On November 15, 2007, the criminal proceedings against Mr. Flores related to this matter was terminated and all accusatory instruments were dismissed.

29. Mr. Flores was unlawfully incarcerated for nine months and three weeks. He was released subject to Criminal Procedure Law § 30.30.

30. Mr. Flores spent sums of money retaining a lawyer to help prepare his defense.

FIRST CLAIM
FALSE ARREST AND IMPRISONMENT - FEDERAL

31. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

32. Plaintiff's first claim is for defendants' violation of his clearly established rights under the Fourth Amendment to the United States Constitution and 42 USC §§ 1983 and 1988 to be free from false arrest and imprisonment.

33. Defendant Warner, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, arrested plaintiff's freedom of movement.

34. In arresting plaintiff's freedom of movement, defendant Warner intended to confine them.

35. Plaintiff was conscious of defendant Warner's confinement of him.

36. Plaintiff did not consent to defendant Warner's confinement of him.

37. The confinement was not otherwise privileged.

38. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, Mr. Flores has been damaged and endured violations of his Fourth Amendment rights; has been physically injured; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and

other fees; and there are other unknown injuries and damages of which Mr. Flores is not presently aware.

## SECOND CLAIM
## ABUSE OF PROCESS - FEDERAL

39.  Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

40.  Plaintiff's second claim is for defendants' violation of his clearly established rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 USC §§ 1983 and 1988 to be free from the unlawful abuse of regularly issued criminal process.

41.  Pursuant to New York State Criminal Procedural Law, sworn complaints used to initiate criminal proceedings are a form of regularly issued criminal process.

42.  In swearing to a complaint against plaintiff, defendant Warner employed regularly issued criminal process against plaintiff compelling the performance or forbearance of prescribed acts.

43.  In swearing to a complaint against plaintiff, defendant Warner intended to do plaintiff harm without excuse or justification.

44.  In swearing to a complaint against plaintiff, defendant Warner used regularly issued criminal process in a perverted manner to obtain a collateral objective or corresponding detriment to plaintiff which was outside the legitimate ends of the process.

45.  As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, plaintiff has been damaged and endured violations of his Fifth and Fourteenth Amendment rights; has experienced stress, mental anguish, humiliation, and

damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

## THIRD CLAIM
## MALICIOUS PROSECUTION - FEDERAL

46. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

47. Plaintiff's third claim is for defendants' violation of his clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 USC §§ 1983 and 1988 to be free from malicious prosecution.

48. Defendants were directly and actively involved in initiating prosecutions against Mr. Flores and causing him to be arraigned on false charges and detained and prosecuted for them.

49. Defendants were motivated by malice in initiating the prosecution against plaintiff.

50. There was not probable cause to believe the prosecution should proceed.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

53. Defendants were motivated by malice in continuing the criminal proceedings against plaintiff.

54. Defendants did not make a complete and full statement of facts to the prosecution and plaintiff.

55. Defendants withheld exculpatory evidence from the prosecution and plaintiff.

56. The criminal proceedings terminated in plaintiff's favor.

57. As a result of the prosecutions, plaintiff suffered numerous and repeated post-arraignment liberty restraints.

58. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, Mr. Flores has been damaged and endured violations of his Fourth and Fourteenth Amendment rights; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

## FOURTH CLAIM
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL - FEDERAL

59. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

60. Plaintiff's fourth claim is for defendants' violation of his clearly established rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 USC §§ 1983 and 1988 to a fair trial.

61. Defendants were obliged to disclose exculpatory information, including evidence favorable to plaintiff, to the prosecutor in the criminal proceedings defendants initiated against plaintiff.

62. Upon information and belief, Mr. Flores specifically requested evidence favorable to him during the pendency of the criminal proceedings.

63. The evidence requested was material to plaintiff's guilt and/or punishment.

64. Defendants failed to disclose evidence favorable to plaintiff.

65. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, plaintiff has been damaged and endured violations of his Fifth and Fourteenth Amendment rights; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which Mr. Flores is not presently aware.

## FIFTH CLAIM
## FALSE ARREST AND IMPRISONMENT - STATE

66. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

67. Plaintiff's fifth claim is for defendants' violation of his clearly established rights under the Constitution, statutory, and common law of the State of New York to be free from false arrest and imprisonment.

68. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, Mr. Flores has been damaged and endured violations of his rights to be free from false arrest and imprisonment under the common law of the State of New York; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

## SIXTH CLAIM
## ABUSE OF PROCESS - STATE

69. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

70. Plaintiff's sixth claim is for defendants' violation of his clearly established rights under the Constitution, statutory, and common law of the State of New York to be free from the unlawful abuse of regularly issued criminal process.

71. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, plaintiff has been damaged and endured violations of his rights under the Constitution, statutory, and common law of the State of New York to be free from the unlawful abuse of regularly issued process; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

SEVENTH CLAIM
MALICIOUS PROSECUTION - STATE

72. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

73. Plaintiff's seventh claim is for defendants' violation of his clearly established rights under the Constitution, statutory, and common law of the State of New York to be free from malicious prosecution.

74. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, plaintiff has been damaged and endured violations of his rights under the Constitution, statutory, and common law of the State of New York to be free from malicious prosecution; has experienced stress, mental anguish, humiliation, and damages

to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

EIGHTH CLAIM
ASSAULT AND BATTERY - STATE

75. Plaintiff restates and realleges the allegations contained in each of the preceding paragraphs as if fully set forth herein.

76. Plaintiff's eighth claim is for defendants' violation of his clearly established rights under the Constitution, statutory, and common law of the State of New York to be free from assault and battery.

77. As a direct, legal and proximate result of the defendants' unconstitutional acts and omissions, plaintiff has been damaged and endured violations of his rights under the Constitution, statutory, and common law of the State of New York to be free from assault and battery; has been injured physically; has experienced stress, mental anguish, humiliation, and damages to his reputation; has had to expend money for attorneys and other fees; and there are other unknown injuries and damages of which plaintiff is not presently aware.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

## JURY DEMAND

78. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

DATED: New York, New York
March 31, 2008

Respectfully Submitted,

By:_____
David B. Rankin (DR 0863)
*Attorney for Plaintiff*
350 Broadway, Suite 700
New York, NY 10013
t: 212-226-4507