UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARIEL FLORES,

                                  Plaintiff,

               -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT ("NYPD"); DETECTIVE
DAVID WARNER, SHIELD 04582; NYPD
OFFICER JOSE RIVERA, SHIELD 07107; AND
NYPD SGT. FIRST NAME UNKNOWN ("FNU")
RODRIGUEZ, TAX # 913800,

                                  Defendants
------------------------------------------------------------------X

**ANSWER**

08 CV 03254  (AKH)(GWG)

JURY TRIAL DEMANDED

        Defendants City of New York, and Detective David Warner[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the court as stated therein..

---

[1] NYPD Officer Jose Rivera, Shield 07107 and NYPD Sgt. First Name Unknown ("FNU") Rodriguez, Tax # 913800 have not yet been served.  Upon information and belief, the New York City Police Department ("NYPD") has not been served.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a Notice of Claim was received by the City on January 17, 2008.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that no payment has been made by the City of New York.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that a Summons and Complaint was filed within one year and 90 days of November 15, 2007.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that defendant Warner is employed by the City of New York.

12. Paragraph "12" contains conclusions of law to which no response is required.

13. Paragraph "13" contains conclusions of law to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Admit the allegations set forth in paragraph "27" of the Complaint.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-31" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Paragraph "34" contains conclusions of law to which no response is required.

35. Paragraph "35" contains conclusions of law to which no response is required.

36. Paragraph "36" contains conclusions of law to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-39" inclusive of this answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-46" inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to the allegations set forth in paragraph "59" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-59" inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to the allegations set forth in paragraph "66" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-66" inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. In response to the allegations set forth in paragraph "69" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-69" inclusive of this answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-72" inclusive of this answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1-75" inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except that plaintiff purports to bring a claim as stated herein.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

78. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

79. At all times relevant to the acts alleged in the complaint, the duties and functions of defendants' officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

80. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

81. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

82. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

83. There was probable cause for the plaintiff's arrest, detention, and prosecution.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

84. Plaintiff provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

85. Plaintiff's claims may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

86. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

87. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

88. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AND AS FOR A TWELFTH AFFIRMATIVE DEFENSE:**

89. Defendant Warner is entitled to qualified immunity.

**AND AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE:**

90. The New York City Police Department is a non-suable entity.

**WHEREFORE**, defendants City of New York and David Warner request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             May 21, 2008

                                               MICHAEL A. CARDOZO
                                               Corporation Counsel of the
                                               City of New York
                                               Attorneys for Defendants City of New York &
                                               David Warner

                                               100 Church Street
                                               New York, New York 10007
                                               (212) 788-9580

                                      By:   /s/
                                                 Afsaan Saleem
                                                 Senior Counsel

TO:       David B. Rankin, Esq. (By ECF)

Index No. 08 CV 2994 (AKH)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL FLORES,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD"); DETECTIVE DAVID WARNER, SHIELD 04582; NYPD OFFICER JOSE RIVERA, SHIELD 07107; AND NYPD SGT. FIRST NAME UNKNOWN ("FNU") RODRIGUEZ, TAX # 913800,

                              Defendants

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, New York 10007*

   *Of Counsel: Afsaan Saleem*
   *Tel: (212) 788-9580*
   *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y............................................ , 2007..*

 *....................................................................... Esq.*

*Attorney for ...............................................................*